```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

CHRIS BERINGER,                  :
                                 :
    Plaintiff,                   :
                                 :          CIVIL ACTION
v.                               :
                                 :          NO. 1:10-CV-1399-GET-ECS
HEARSHE, KEMP, LLC,              :
                                 :
    Defendant.                   :
                                 :

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Hearshe, Kemp, LLC. [Doc. 6]. For the reasons discussed herein, it is **RECOMMENDED** that Plaintiff's motion, [Doc. 6], be **GRANTED**, but that entry of default judgment be **DEFERRED** until such time as a hearing may be conducted to ascertain Plaintiff's damages.

### I.
### Background

Plaintiff commenced this civil action on May 7, 2010, alleging violations of the Fair Debt Collection Practices Act and the Georgia Fair Business Practices Act. [Doc. 1]. Defendant was served by personal service on Carol Glospie, Defendant's registered agent, on May 28, 2010. [Doc. 3]. To date, Defendant has not responded by

answer or motion to this motion for default judgment or any other pleading.

On November 2, 2010, Plaintiff filed a motion for clerk's entry of default. [Doc. 5]. Default was entered on November 4, 2010, and Plaintiff moved for default judgment on the same day. [Doc. 6].

**II.**
**Discussion**

**A. Liability**

**1. Default Judgment Standard**

The entry of default is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, Defendant was required to respond to Plaintiff's complaint within 21 days after being served with the summons and complaint, Fed. R. Civ. P. 12(a)(1)(A)(i), but to date has not responded in any way. Therefore, entry of default is appropriate.

Once the clerk has made an entry of default, default judgment may be obtained by application to the Court upon the failure of any party to plead or otherwise defend as provided by the rules. Fed. R. Civ. P. 55(b). Before entering a default judgment for damages, the Court must ensure that a plaintiff's complaint states a plausible claim for relief, Cotton v. Mass Mut. Life Ins. Co., 402

F.3d 1267, 1278 (11th Cir. 2005), because a defendant in default is "deemed to admit the plaintiff's well-pleaded allegations of fact, but should not admit facts that are not well-pleaded or conclusions of law." Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278 at *4 (N.D. Ga. Apr. 27, 2009) (internal quotations and citations omitted), *adopted in part by* Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF, 2009 WL 2848249 (N.D. Ga. Aug. 31, 2009).

### 2. Plaintiff's Claims

In this case, Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Georgia Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 et seq., when Defendant "left a series of telephone messages for Plaintiff" without "meaningfully disclos[ing] its identity," without "stat[ing] that the communications were from a debt collector," and by "falsely stat[ing] that there was a pending civil matter in Cobb [County]." [Doc. 1 at 4].

#### a. FDCPA

Under the FDCPA, a debt collector must "meaningful[ly] disclos[e] . . . [his] identity," 15 U.S.C. § 1692d(6), which courts have "uniformly" construed as "requir[ing] a debt collector to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business." Gilmore v. Account

3

Mgmt., Inc., No. 1:08-cv-1388-JOF-LTW, 2009 WL 2848278 at *5 (N.D. Ga. Apr. 27, 2009) (internal quotations and citations omitted), *adopted in part by* Gilmore v. Account Mgmt., Inc., No. 1:08-cv-1388-JOF, 2009 WL 2848249 (N.D. Ga. Aug. 31, 2009). A debt collector also may not falsely represent the legal status of any debt. Id. § e; see also Harper v. Better Bus. Servs., 768 F.Supp. 817, 819 (N.D. Ga. 1991). Accepting the well-pleaded allegations of Plaintiff's complaint as true, the Court concludes that Defendant's communications violated the FDCPA.

### b.  FBPA

Because Defendant violated the FDCPA, Defendant also violated the FBPA. Gilmore v. Account Mgmt., Inc., 357 Fed. Appx. 218, 220-21 (11th Cir. 2009) (explaining that a defendant "necessarily violate[s] Georgia's FBPA when it violate[s] the FDCPA") (internal citations omitted); see also 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007)).

### 3.  Damages

Plaintiff requests $1,000 in statutory damages under the FDCPA, $1,854.50 in attorney's fees and costs under the FDCPA, and $7,500 in actual damages for the "extreme stress and anxiety" that Plaintiff allegedly suffered because of Defendant's conduct under Georgia's FBPA, O.C.G.A. § 10-1-393 et seq. [Doc. 6-1 at 9, 17].

4

Plaintiff also requests that his actual damages be trebled under the FBPA, O.C.G.A. § 10-1-399(a). [Doc. 6-1 at 10].

If a defendant violates the FDCPA, the court may award statutory damages to the plaintiff up to $1,000. 15 U.S.C. § 1692k(2)(A). In addition to statutory damages, the court may also award "reasonable attorney's fees" and "costs of the action." Id. § (3); accord Grable v. Gregory J. Barro, PLC, 1:05-cv-3133-JEC, 2007 WL 879584 at *3 (N.D. Ga. Mar. 20, 2007). If a defendant violates the FBPA, the court may award actual damages for such a violation, and shall treble these damages if the violation was intentional. O.C.G.A. § 10-1-399(a). On entry of default, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotation omitted).

In this case, the undersigned finds that Plaintiff is entitled to such statutory damages up to $1,000 as the Court may deem appropriate under 15 U.S.C. § 1692k(2)(A) and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(3). Plaintiff's reasonable attorney's fees and costs and his actual damages under the FBPA are not, however, "liquidated sum[s] or [] capable of mathematical calculation." Adolph Coors Co., 777 F.2d at 1543. When a plaintiff's

5

actual damages are not liquidated, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) (internal citations omitted) (holding the district court did not abuse its discretion by holding an evidentiary hearing to determine damages because the defaulting defendant was proceeding pro se, the action required proof of actual damages, and the amount requested by plaintiff "lack[ed] . . . any factual basis"). Accordingly, it is **RECOMMENDED** that the Court **RESERVE JUDGMENT** on Plaintiff's motion for default judgment, [Doc. 6], until the Court has heard evidence regarding Plaintiff's reasonable attorney's fees and costs and his actual damages under the FBPA. See Fed. R. Civ. P. 55(b)(2)(B) ("The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to determine the amount of damages.").

### III.
### Conclusion

Because Defendant has failed to defend or respond to this action, the undersigned **RECOMMENDS** that Plaintiff's motion, [Doc. 6], be **GRANTED**, and that Defendant be found in default and default judgment entered pursuant to Federal Rule of Civil Procedure 55. Because certain of Plaintiff's damages are unliquidated, however,

6

the undersigned **RECOMMENDS** that the entry of default judgment under Rule 55 be **DEFERRED**, pending a hearing on any award of attorney's fees and costs and actual or treble damages under the FBPA. Therefore, the award of statutory damages, attorney's fees, and costs should also be **DEFERRED** until after a hearing.[1]

    **SO REPORTED AND RECOMMENDED**, this 3rd day of May, 2011.

                                    s/ *E. Clayton Scofield*
                                    E. CLAYTON SCOFIELD III
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] If, upon review, the District Judge adopts this Report and Recommendation, this matter may be referred to the undersigned for a hearing in order that Plaintiff may present evidence and argument as to damages. See Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States."). In this case, Plaintiff made no demand for a jury trial, so a right to a jury trial is not at issue.