IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRIS BERINGER,

                Plaintiff,

v.                              1:10-cv-1399-WSD-ECS

HEARSHE, KEMP, LLC,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Report and Recommendation ("R&R") [7] regarding Plaintiff's Motion for Entry of Default Judgment [6].

## I.    BACKGROUND

On May 7, 2010, Chris Beringer ("Plaintiff") filed a Complaint for Damages [1] against Hearshe, Kemp, LLC ("Defendant"). Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. ("FBPA").

Plaintiff claims that Defendant violated the FDCPA by failing to make meaningful disclosure of its identity in communications to collect a debt; using false, deceptive, or misleading representations or means in connection with collection of a debt; failing to disclose in subsequent communications that the communication was from a debt collector; falsely representing the character, amount, or legal status of the debt; and threatening to take an action that cannot legally be taken or is not intended to be taken.

Plaintiff claims Defendant violated the FBPA by using unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.  A violation of the FDCPA is sufficient to create a violation of the FBPA.  Kuria v. Palisades Acquisition XVI, LLC, 752 F.Supp.2d 1293, 1300 n.6 (N.D. Ga. 2010); see also 1st Nationwide Collection Agency, Inc. v. Werner, 654 S.E.2d 428, 430-31 (Ga. 2007).

Plaintiff claims these actions caused him unnecessary and severe stress, worry, and concern.  Plaintiff requests statutory damages, actual damages, treble damages, exemplary damages, and an award of costs and attorney fees.

On May 28, 2010, Defendant was served with the Complaint for Damages [1] by personal service on its registered agent [5].  On November 2, 2010, Plaintiff filed a Motion for Entry of Default Judgment [6] after Defendant failed to respond

by answer or motion to any of the pleadings.  Attached to the motion was an affidavit from the Plaintiff that expounded on the events giving rise to his complaint and the effect the conduct of Defendant had upon him.  On November 4, 2010, the Clerk of Court entered a default as to Defendant.  Once default was entered by the Clerk of Court, Plaintiff moved for a default judgment.

On May 4, 2011, the Magistrate Judge issued his R&R [7] and recommended that this Court grant the Plaintiff's Motion for Entry of Default Judgment [6], but that entry of default judgment be deferred until such time as a hearing may be conducted to ascertain damages.

## II.    DISCUSSION

### A.    Standard of Review on the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Because no objections to the R&R have been filed, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.      Standard on Default Judgment and Claims for Damages

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)).  When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).  "While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Where a plaintiff's damages claim against a defendant is not "for a sum certain or for a sum that can be made certain by computation," a default judgment may be entered only by the Court.  Fed. R. Civ. P. 55(b)(1) and (2).  Absent a factual basis in the record in the form of a hearing or detailed affidavits establishing necessary facts, federal law requires a judicial determination of damages.  See Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir.

2003); Adolf Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (holding that "a judgment of default awarding cash damages could not properly be entered without a hearing, unless the amount claimed is a liquidated sum or one capable of mathematical calculation").[1]  Therefore, when a default judgment seeks an uncertain or speculative damage amount, a court "has an obligation to assure that there is a legitimate basis for any damage award it enters . . . ."  See Anheuser Busch, Inc., 317 F.3d at 1266.

    C.    Requirement for Computing Damages

Here, Plaintiff is not claiming liquidated damages and the requested damages are not liquidated or capable of mathematical calculation.

As noted in the R&R, there is insufficient information to evaluate damages or the sufficiency of Plaintiff's allegations currently to permit the entry of default judgment by the Court.  The Court finds that a hearing under Rule 55(b)(2) should be conducted so the Court can determine if a default judgment may be entered and, if so, in what amount.

---

[1] When a damages claim is not "for a sum certain or for a sum that can be made certain by computation," Rule 55(b)(2) provides that the Court may conduct a hearing "to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b).

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's R&R [7].

**IT IS HEREBY FURTHER ORDERED** that a hearing on Plaintiff's Motion for Default Judgment will be held on August 26, 2011, at 9:30 a.m. Plaintiff shall, at this hearing, present to the Court sufficient information to: (1) determine the sufficiency of the allegations in the Complaint, including the specific conduct in which Defendants are alleged to have engaged; (2) determine a sum certain for the damages alleged to have been sustained by Plaintiff, including the types and amounts of damages for which Plaintiff seeks a default judgment to be entered; (3) determine an appropriate award of costs and attorney fees; and (4) determine whether the damages alleged were the result of the conduct in which Plaintiff alleges the Defendants engaged, and if so, whether that conduct was intentional.

**SO ORDERED** this 8th day of August, 2011.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE